Ed Hendricks, Jr. (016539)
ed@hendricksmurphy.com
David W. Cowles (021034)
david@hendricksmurphy.com
HENDRICKS MURPHY, PLLC
3101 North Central Avenue, Suite 970
Phoenix, Arizona 85012
(602) 604-2190

Attorneys for John and Christine Shea

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jenifer Anderson, a single woman; L.A., a single woman,<br><br>                     Plaintiff-Relator,<br><br>          v.<br><br>Mesa Public School District, et al.,<br><br>                     Defendants. | No. CV-18-00692-PHX-DJH<br><br>**THE SHEA DEFENDANTS'<br>ANSWER** |

Answering the Complaint, the Shea Defendants admit, deny, and affirmatively allege as follows:

1.     Deny that this is a wrongful death action under A.R.S. § 12-611 *et seq.*; admit that the Complaint contains counts under 42 U.S.C. § 1983 *et seq.*, 20 U.S.C. § 1681 *et seq.*, the U.S. Constitution, and Arizona common law; deny the remaining allegations, including the allegation that this action is based on any actual violations of Constitutional, statutory, or common law.

2.     Deny that the Shea Defendants caused any damages; lack information sufficient to form a belief as to the truth of the allegation.

3.     Lack information sufficient to form a belief as to the truth of the allegation.

4.      Deny that the events had primary effect in Pinal County; deny any wrongdoing; admit the Court has subject matter jurisdiction over this action.

5.      Deny.

6.      Lack information sufficient to form a belief as to the truth of the allegation.

7.      Lack information sufficient to form a belief as to the truth of the allegation.

8.      Lack information sufficient to form a belief as to the truth of the allegation.

9.      Admit that John Shea knows L.A. because she attended school at Skyline; admit that L.A attended Skyline for high school for her entire high school career beginning in the 2013-2014 school year; deny the remaining allegations; deny all allegations as to Christine Shea.

10.     Deny that it is proper to protect the identity of L.A.; affirmatively allege that L.A. reached the age of majority prior to the filing of the Complaint.

11.     Admit that the District is a political subdivision of the state of Arizona.

12.     Lack information sufficient to form a belief as to the truth of the allegation.

13.     Lack information sufficient to form a belief as to the truth of the allegation.

14.     Lack information sufficient to form a belief as to the truth of the allegation.

15.     Lack information sufficient to form a belief as to the truth of the allegation.

16.     Lack information sufficient to form a belief as to the truth of the allegation.

17.     Lack information sufficient to form a belief as to the truth of the allegation.

18.     Lack information sufficient to form a belief as to the truth of the allegation.

19.     Lack information sufficient to form a belief as to the truth of the allegation.

20.     Lack information sufficient to form a belief as to the truth of the allegation.

21.     Lack information sufficient to form a belief as to the truth of the allegation.

22.     Lack information sufficient to form a belief as to the truth of the allegation.

23.     Lack information sufficient to form a belief as to the truth of the allegation.

24.     Lack information sufficient to form a belief as to the truth of the allegation.

25.     Lack information sufficient to form a belief as to the truth of the allegation.

26.     Lack information sufficient to form a belief as to the truth of the allegation.

27.     Admit that the Shea Defendants are married; admit that at all relevant times they resided in Maricopa County; deny that at all relevant times Shea was employed by the District.

28.     Lack information sufficient to form a belief as to the truth of the allegation.

29.     Lack information sufficient to form a belief as to the truth of the allegation.

30.     Lack information sufficient to form a belief as to the truth of the allegation.

31.     Deny as to John Shea and Christine Shea; lack information sufficient to form a belief as to the truth of the remaining allegations

32.     Deny as to Christine Shea; admit that John Shea worked for the District until April 6, 2017, when he resigned.

33.     Deny because this paragraph asserts a legal conclusion to which no response is required.

34.     Lack information sufficient to form a belief as to the truth of the allegation.

35.     Deny that the Shea Defendants caused any damages to Plaintiffs; lack information sufficient to form a belief as to the truth of the remaining allegations.

36.     Admit.

37.     Deny.

38.     Admit.

39.     Lack information sufficient to form a belief as to the truth of the allegation.

40.     Lack information sufficient to form a belief as to the truth of the allegation.

41.     Lack information sufficient to form a belief as to the truth of the allegation.

42.     Lack information sufficient to form a belief as to the truth of the allegation.

43.     Admit that Skyline hired Schulz as Athletic Director; lack information sufficient to form a belief as to the truth of the remaining allegations.

44.     Admit that Shea was hired to coach football beginning in the 2012-2013 academic year; admit that he also coached girls' track and field; deny the remaining allegations.

45.     Lack information sufficient to form a belief as to the truth of the allegation.

4

46.    Deny.

47.    Admit.

48.    Admit.

49.    Admit that Shea was a coach on the girls' track and field team; admit that Shea was one of L.A.'s coaches and trainers; deny the remaining allegations.

50.    Lack information sufficient to form a belief as to the truth of the allegation.

51.    Admit that L.A. excelled at athletics; lack information sufficient to form a belief as to the truth of the remaining allegations.

52.    Deny; affirmatively allege that by denying, the Shea Defendants do not mean that L.A. did have an idea of what the future held for her; lack information sufficient to form a belief as to what ideas L.A. had or did not have.

53.    Lack information sufficient to form a belief as to the truth of the allegation.

54.    Lack information sufficient to form a belief as to the truth of the allegation.

55.    Lack information sufficient to form a belief as to the truth of the allegation.

56.    Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that Shea belittled Underwood.

57.    Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that there was no harassment.

58.    Deny.

59.    Admit that Shea sometimes drove L.A. to school and occasionally drove her home from school; admit that he sometimes provided lunch for L.A. and others, and attended some of her extracurricular activities; deny the remaining allegations.

60.    Deny.

5

61.     Admit that Shea and L.A. exchanged text messages; deny the remaining allegations.

62.     Admit that Shea on one occasion took L.A. to see the chiropractor used by the school; affirmatively allege that L.A. spoke to Jenifer about this at the time because Jenifer's consent was required by the chiropractor before treatment; deny the remaining allegations.

63.     Admit that L.A. babysat Shea's daughter; admit that on two occasions L.A. rode with Shea to Shea's son's baseball game; deny the remaining allegations.

64.     Deny.

65.     Deny that Shea "put his hands on" L.A. during her workouts; admit that the only physical contact was that required for proper spotting and partner-stretching; deny the remaining allegations.

66.     Lack information sufficient to form a belief as to the truth of the allegation.

67.     Lack information sufficient to form a belief as to the truth of the allegation.

68.     Lack information sufficient to form a belief as to the truth of the allegation.

69.     Lack information sufficient to form a belief as to the truth of the allegation.

70.     Lack information sufficient to form a belief as to the truth of the allegation.

71.     Lack information sufficient to form a belief as to the truth of the allegation.

72.     Lack information sufficient to form a belief as to the truth of the allegation.

73.     Lack information sufficient to form a belief as to the truth of the allegation.

74.     Deny.

75.     Deny.

76.     Lack information sufficient to form a belief as to the truth of the allegation.

77.     Lack information sufficient to form a belief as to the truth of the allegation.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Admit that their friendship grew, and at some time, L.A. texted Shea that she loved him; that Shea responded in kind; deny that Shea "began" this.

82.     Deny.

83.     Deny.

84.     Admit that during that time, L.A. and Shea met up occasionally; deny the remaining allegations.

85.     Admit.

86.     Deny.

87.     Admit that L.A. and Shea held hands from time to time in the car; deny the remaining allegations.

88.     Admit that Shea vacationed in Mexico that summer; deny the remaining allegations.

89.     Deny.

90.     Lack information sufficient to form a belief as to the truth of the allegation.

91.     Deny.

92.     Deny that it occurred; lack information sufficient to form a belief as to the truth of the remaining allegations.

93.     Deny.

7

94.   Deny.

95.   Deny; affirmatively allege that in denying, the Shea Defendants mean: there were no "overtures" and thus no overtures that could have been obvious or not and nothing to be "clearly not lost on" or "not clearly lost on" school employees.

96.   Lack information sufficient to form a belief as to the truth of the allegation.

97.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that there was no improper contact.

98.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that there was no improper contact.

99.   Lack information sufficient to form a belief as to the truth of the allegation.

100.   Lack information sufficient to form a belief as to the truth of the allegation.

101.   Deny that there was any actual evidence of sexual harassment; deny that there was any sexual harassment; lack information sufficient to form a belief as to the truth of the remaining allegations.

102.   Lack information sufficient to form a belief as to the truth of the allegation.

103.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that Shea never had improper physical contact with L.A.

104.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that Shea never had improper physical contact with L.A.

105.   Lack information sufficient to form a belief as to the truth of the allegation.

1  106.  Lack information sufficient to form a belief as to the truth of the
2  allegation.

3  107.  Lack information sufficient to form a belief as to the truth of the
4  allegation.

5  108.  Lack information sufficient to form a belief as to the truth of the
6  allegation.

7  109.  Lack information sufficient to form a belief as to the truth of the
8  allegation.

9  110.  Lack information sufficient to form a belief as to the truth of the
10  allegation.

11  111.  Lack information sufficient to form a belief as to the truth of the
12  allegation.

13  112.  Lack information sufficient to form a belief as to the truth of the
14  allegation.

15  113.  Lack information sufficient to form a belief as to the truth of the
16  allegation.

17  114.  Lack information sufficient to form a belief as to the truth of the
18  allegation.

19  115.  Lack information sufficient to form a belief as to the truth of the
20  allegation.

21  116.  Lack information sufficient to form a belief as to the truth of the
22  allegation.

23  117.  Lack information sufficient to form a belief as to the truth of the
24  allegation.

25  118.  Lack information sufficient to form a belief as to the truth of the
26  allegation.

27  119.  Lack information sufficient to form a belief as to the truth of the
28  allegation.

120. Lack information sufficient to form a belief as to the truth of the allegation.

121. Deny.

122. Deny.

123. Lack information sufficient to form a belief as to the truth of the allegation.

124. Lack information sufficient to form a belief as to the truth of the allegation.

125. Lack information sufficient to form a belief as to the truth of the allegation.

126. Lack information sufficient to form a belief as to the truth of the allegation.

127. Lack information sufficient to form a belief as to the truth of the allegation.

128. Lack information sufficient to form a belief as to the truth of the allegation.

129. Lack information sufficient to form a belief as to the truth of the allegation.

130. Lack information sufficient to form a belief as to the truth of the allegation.

131. Lack information sufficient to form a belief as to the truth of the allegation.

132. Deny that there was any sexual harassment occurring; lack information sufficient to form a belief as to the truth of the remaining allegations.

133. Lack information sufficient to form a belief as to the truth of the allegation.

134. Deny that L.A.'s life was ruined; lack information sufficient to form a belief as to the truth of the remailing allegations.

135.   Lack information sufficient to form a belief as to the truth of the allegation

136.   Lack information sufficient to form a belief as to the truth of the allegation.

137.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that Shea has no access to any of those text messages.

138.   Lack information sufficient to form a belief as to the truth of the allegation.

139.   Lack information sufficient to form a belief as to the truth of the allegation.

140.   Lack information sufficient to form a belief as to the truth of the allegation.

141.   Lack information sufficient to form a belief as to the truth of the allegation.

142.   Lack information sufficient to form a belief as to the truth of the allegation.

143.   Lack information sufficient to form a belief as to the truth of the allegation.

144.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that the allegation is vague and therefore incapable of a definite answer.

145.   Deny.

146.   Lack information sufficient to form a belief as to the truth of the allegation.

147.   Admit that Shea helped L.A. in L.A.'s pursuit of a scholarship; deny the remaining allegations.

148.   Lack information sufficient to form a belief as to the truth of the allegation.

149.   Lack information sufficient to form a belief as to the truth of the allegation.

150.   Admit that Shea texted L.A. twice during the police department's interview of L.A.; affirmatively allege that (a) Shea had no idea L.A. would have or was having such an interview; (b) the proofs of the athletic wear and logo had just come in; L.A. was one of the captains of the team; (c) Shea texted her because he wanted her to see the new material; (d) L.A. ordinarily responded quickly, so when Shea did not get a response, he texted again; deny the remaining allegations.

151.   Admit; affirmatively allege that (a) Shea had no idea L.A. would have or was having such an interview; (b) the proofs of the athletic wear and logo had just come in; L.A. was one of the captains of the team; (c) Shea texted her because he wanted her to see the new material; (d) L.A. ordinarily responded quickly, so when Shea did not get a response.

152.   Admit; affirmatively allege that (a) Shea had no idea L.A. would have or was having such an interview; (b) the proofs of the athletic wear and logo had just come in; L.A. was one of the captains of the team; (c) Shea texted her because he wanted her to see the new material; (d) L.A. ordinarily responded quickly, so when Shea did not get a response.

154.   Lack information sufficient to form a belief as to the truth of the allegation.

155.   Lack information sufficient to form a belief as to the truth of the allegation.

156.   Lack information sufficient to form a belief as to the truth of the allegation.

157.   Lack information sufficient to form a belief as to the truth of the allegation.

158.   Lack information sufficient to form a belief as to the truth of the allegation.

159.   Lack information sufficient to form a belief as to the truth of the allegation.

160.   Lack information sufficient to form a belief as to the truth of the allegation.

161.   Lack information sufficient to form a belief as to the truth of the allegation.

162.   Lack information sufficient to form a belief as to the truth of the allegation.

163.   Lack information sufficient to form a belief as to the truth of the allegation.

164.   Admit that Skyline had some difficult years with respect to athletics; deny the remaining allegations.

165.   Admit that Skyline began winning and competing for state championships; deny the remaining allegations; affirmatively allege that Shea did not sexually harass L.A.

166.   Lack information sufficient to form a belief as to the truth of the allegation.

167.   Admit.

168.   Admit.

169.   Admit.

170.   Admit.

171.   Admit.

172.   Lack information sufficient to form a belief as to the truth of the allegation.

173.   Lack information sufficient to form a belief as to the truth of the allegation.

13

174.   Deny that Shea was allowed or encouraged to intimidate, belittle, or harass teachers and staff members who made complaints; lack information sufficient to form a belief as to the truth of the remaining allegations.

175.   Lack information sufficient to form a belief as to the truth of the allegation.

176.   Affirmatively allege that there was no appalling or abhorrent behavior on the part of Shea; lack information sufficient to form a belief as to the truth of the remaining allegations.

177.   Lack information sufficient to form a belief as to the truth of the allegation.

178.   Lack information sufficient to form a belief as to the truth of the allegation.

179.   Lack information sufficient to form a belief as to the truth of the allegation.

180.   Lack information sufficient to form a belief as to the truth of the allegation.

181.   Lack information sufficient to form a belief as to the truth of the allegation.

182.   Lack information sufficient to form a belief as to the truth of the allegation.

183.   Lack information sufficient to form a belief as to the truth of the allegation.

184.   Lack information sufficient to form a belief as to the truth of the allegation.

185.   Lack information sufficient to form a belief as to the truth of the allegation.

186.   Lack information sufficient to form a belief as to the truth of the allegation.

187.  Lack information sufficient to form a belief as to the truth of the allegation.

188.  Admit that Shea resigned; deny the remaining allegations.

189.  Lack information sufficient to form a belief as to the truth of the allegation.

190.  Lack information sufficient to form a belief as to the truth of the allegation.

191.  Lack information sufficient to form a belief as to the truth of the allegation.

192.  Lack information sufficient to form a belief as to the truth of the allegation.

193.  Lack information sufficient to form a belief as to the truth of the allegation.

194.  Admit that Shea worked for the District until April 6, 2017; lack information sufficient to form a belief as to the truth of the remaining allegations.

195.  The Shea defendants incorporate their responses given above.

196.  Count I does not apply to the Shea Defendants.

197.  Count I does not apply to the Shea Defendants.

198.  Count I does not apply to the Shea Defendants.

199.  Count I does not apply to the Shea Defendants.

200.  Count I does not apply to the Shea Defendants.

201.  Count I does not apply to the Shea Defendants.

201.  Count I does not apply to the Shea Defendants.

203.  Count I does not apply to the Shea Defendants.

204.  Count I does not apply to the Shea Defendants.

205.  The Shea Defendants incorporate their responses given above.  The Shea Defendants affirmatively allege that official-capacity suits filed against state officials are just alternate ways of pleading an action against the state entity, which

is a party to this action.  Moreover, a state official sued in his official capacity is not a "person" for purposes of § 1983.  Accordingly, this Count is not a count against Shea in his official capacity.  To the extent Shea is being sued in his individual capacity, the Shea Defendants respond as follows:

206.   Deny because this paragraph asserts a legal conclusion to which no response is required; affirmatively allege that because the allegations of the Complaint are vague, the Shea Defendants lack sufficient information about the allegations to respond.

207.   Deny because this paragraph asserts a legal conclusion to which no response is required.

208.   Deny because this paragraph asserts a legal conclusion to which no response is required.

209.   Deny because this paragraph asserts a legal conclusion to which no response is required.

210.   Deny that Shea or any Defendant created any danger; deny the remaining allegations because they assert legal conclusions to which no response is required.

211.   Deny.

212.   Deny.

213.   The Shea Defendants incorporate their responses given above.

214.   Lack information sufficient to form a belief as to the truth of the allegation; affirmatively allege that because the allegations of the Complaint are vague, the Shea Defendants lack information about the allegations sufficient to respond.

215.   Lack information sufficient to form a belief as to the truth of the allegation.

216.   Deny.

217.   Deny.

218. Deny.

219. The Shea Defendants incorporate their responses given above.

220. Deny.

221. Deny.

222. Deny.

223. The Shea Defendants incorporate their responses given above.

224. Deny because this paragraph asserts a legal conclusion to which no response is required.

225. Deny because this paragraph asserts a legal conclusion to which no response is required.

226. Deny.

227. Deny.

228. The Shea Defendants incorporate their responses given above.

229. Deny.

230. Deny.

231. Deny.

232. Deny.

233. Deny because the paragraph asserts a legal conclusion to which no response is necessary; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

234. Deny because the paragraph asserts a legal conclusion to which no response is necessary; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

235. Deny.

236. Deny.

237. Deny.

238. Deny.

239. The Shea Defendants incorporate their responses given above.

240.   Deny.

241.   Deny.

242.   Deny.

243.   Deny.

244.   Deny.

245.   Deny because the paragraph asserts a legal conclusion to which no response is required; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

246.   Deny.

247.   The Shea Defendants incorporate their responses given above.

248.   Deny.

249.   Deny.

250.   Deny.

251.   Deny.

252.   Deny.

253.   Deny.

254.   Deny.

255.   The Shea Defendants incorporate their responses given above.

256.   Deny because this paragraph asserts a legal conclusion to which no response is required; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

257.   Deny.

258.   Deny.

259.   The Shea Defendants incorporate their responses given above.

260.   Count X does not apply to Shea.

261.   Count X does not apply to Shea.

262.   Count X does not apply to Shea.

263.   Count X does not apply to Shea.

264.  Count X does not apply to Shea.

265.  Count X does not apply to Shea.

266.  The Shea Defendants incorporate their responses given above.

267.  Deny.

268.  Deny.

269.  Deny.

270.  Deny.

271.  Deny because this paragraph asserts a legal conclusion to which no response is required; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

272.  Deny.

273.  The Shea Defendants incorporate their responses given above.

274.  Deny.

275.  Deny.

276.  Deny.

277.  Deny.

278.  The Shea Defendants incorporate their responses given above.

279.  Deny.

280.  Deny.

281.  The Shea Defendants incorporate their responses given above.

282.  Deny because this paragraph asserts a legal conclusion to which no response is required; affirmatively allege that the Complaint is vague, making this allegation incapable of a definite answer.

283.  Admit that 42 U.S.C. § 1985(3) states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent

by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators;

deny the remaining allegations.

284.   Deny.

285.   Deny.

286.   Deny.

287.   No response required.

288.   The Shea Defendants deny each allegation not expressly admitted above.

289.   The Shea Defendants deny that Plaintiffs are entitled to any relief prayed for in their Complaint.

**AFFIRMATIVE DEFENSES**

The Shea Defendants assert the following affirmative defenses:  failure to comply with the requirements of A.R.S. § 12-821.01; failure to timely file under A.R.S. § 12-821; A.R.S. § 12-820.04; failure to state a claim under which relief may be granted for a variety of reasons, including but not limited to: (i) the Complaint does not comply with Rule 8(a) and is thus subject to a motion for more definite statement under Rule 12(e), and (ii) the Complaint is subject to a motion to strike under Rule 12(f)(1) and 12(f)(2); standing; absolute immunity; and qualified immunity.

**RELIEF SOUGHT**

Having answered Plaintiffs' Complaint, the Shea Defendants respectfully ask the Court to:

20

A.    Dismiss Plaintiffs' Complaint and award Plaintiffs nothing;

B.    Award the Shea Defendants their costs and reasonable attorneys' fees allowed by statute, including 42 U.S.C. § 1988(b); and

C.    Grant the Shea Defendants any additional relief the Court deems just.

RESPECTFULLY SUBMITTED this 20th day of April 2018.

HENDRICKS MURPHY PLLC

By  /s/ Ed Hendricks, Jr.
Ed Hendricks, Jr.
David W. Cowles
3101 North Central Avenue, Suite 970
Phoenix, Arizona 85012
Attorneys for the Shea Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and service on counsel of record via the Court's CM/ECF system.

/s/  David W. Cowles